UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES LOWELL KENTZ, | ) | 1:06-CV-00961 AWI SMS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING MOTION FOR |
| JEFF WRIGLEY, Warden, | ) | PRELIMINARY INJUNCTION |
| | ) | [Doc. #8] |
| Respondent. | ) | |
| | ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**PROCEDURAL BACKGROUND**[1]

Petitioner is currently in the custody of the Federal Bureau of Prisons ("BOP") pursuant to a judgment of the United States District Court for the Central District of California following his conviction on twenty-one counts of mail fraud in violation of 18 U.S.C. §§ 1341, 2326, and 3147. United States v. Kentz, 251 F.3d 835 (9th Cir.2001). Petitioner was sentenced to serve 160 months in federal prison, with a three-year term of supervised release to follow. He was also ordered to pay

---

[1] This information is taken from the petition for writ of habeas corpus and the response to the petition.

$587,053.23 in restitution.

On July 26, 2006, Petitioner filed the instant federal petition for writ of habeas corpus. On September 8, 2006, he filed a motion for preliminary injunction. Respondent filed an answer to the petition and opposition to Petitioner's motion on October 27, 2006. Petitioner filed a traverse to the answer and reply to Respondent's opposition on November 7, 2006.

**DISCUSSION**

**I.  Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir.1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir.1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir.1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir.1991).  To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner.  See, e.g., Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole); Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir.1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden v. Keohane, 921 F.2d 476, 479 (3rd Cir.1990) (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody).  A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian.  Brown, 610 F.2d at 677.

In this case, Petitioner challenges a disciplinary hearing in which he claims he was erroneously and unlawfully found guilty of fighting with another inmate.  He contends the evidence was insufficient to support the finding that he fought with the inmate. He argues the evidence only showed he argued with the inmate and therefore should have been found guilty of a lesser offense.

As a result of the guilty finding, Petitioner received a higher security classification score which in turn resulted in a transfer to a medium-level prison. He claims he should not have been transferred because he did not commit the charged offense.

Petitioner was incarcerated at Taft Correctional Facility ("TCI") at the time he filed the instant petition, and TCI is located within the Eastern District of California, Fresno Division. The Court has jurisdiction over this petition. Ahrens v. Clark, 335 U.S. 188, 193 (1948), *overruled on other grounds*, Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973).

## II. Exhaustion

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. MacCarthy v. Madigan, 503 U.S. 140, 144-45 (1992); Western Radio Services Co. v. Espay, 79 F.3d 896, 899 (9th Cir.1996); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir.1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983). Respondent does not address whether Petitioner has exhausted his administrative remedies. In his petition, Petitioner states he sought an administrative appeal but the process was not completed before prison staff requested a "Security Level Transfer." At the time he filed his petition, the appeal was still pending.

Therefore, the instant petition appears to be unexhausted. The Court may, at its discretion, excuse a petitioner's failure to exhaust administrative remedies if exhaustion is not mandated by Congress. McCarthy, 503 U.S. at 144, 146; Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). In determining whether to excuse exhaustion, the Court should consider the claim asserted, the agency's interest in resolving the issue, and the administrative procedure provided. McCarthy, 503 U.S. at 146; Morrison-Knudsen Co. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir.1987).

Exhaustion will be excused in this case, because Petitioner has been transferred as a result of the disciplinary hearing and the claims presented are without merit.

## III. Prison Disciplinary Hearing

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418

1  U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a
2  prisoner is not afforded the full panoply of rights in such proceedings.  Id. at 556.  Thus, a prisoner's
3  due process rights are moderated by the "legitimate institutional needs" of a prison.  Bostic v.
4  Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-
5  455 (1984).

6        When a prison disciplinary proceeding may result in the loss of good-time credits, due
7  process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the
8  disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional
9  goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement
10  by the factfinder of the evidence relied on and the reasons for the disciplinary action.  Hill, 472 U.S.
11  at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported
12  by "some evidence." Hill, 472 U.S. at 455, citing United States ex rel. Vatauer v. Commissioner of
13  Immigration, 273 U.S. 103, 106 (1927).

14        In this case, Petitioner does not challenge the loss of good time credits; he complains that he
15  has been given a higher classification score and transferred to a higher level facility. While the Due
16  Process Clause protects against the revocation of good-time credits, it does not provide the same
17  level of protection against other forms of discipline.  See Sandin v. Conner, 515 U.S. 472, 486
18  (1995). The contested punishment does not affect the fact or length of his confinement; therefore,
19  Petitioner's claims are not cognizable in a § 2241 action and the petition should be dismissed.

20        Even if Petitioner were afforded the same level of protection, the prison disciplinary hearing
21  comported with due process. Petitioner does not deny he did received all of the above-noted due
22  process protections, and the guilty finding is supported by some evidence.

23        At the disciplinary hearing for Darrellson Denny, the inmate who fought with Petitioner, an
24  independent inmate witness by the name of Alphonse Hoptowit was called by Denny and testified to
25  having witnessed the incident. Inmate Hoptowit stated:

26        When I went to the yard they were already arguing. Kentz kept jumping in her
(Denny's) face and arguing and yelling at her. Kentz told her, "I'm gonna kick your
27        ass." We started to walk away and Kentz grabbed her and spun her around by the
shoulder. She (Kentz) flicked her cigarette at Denny and then they trotted off to the
28        court and went at it. Kentz is the one that initiated everything.

1   See Exhibit E, Respondent's Answer to the Petition (hereinafter "Answer").

2          In addition to the independent witness's testimony, prison guards witnessed and
3   photographed bruises and scratches to both inmates. The photographs submitted by Respondent bear
4   this out. See Exhibits A and B, Answer.

5          Respondent has also submitted a declaration. According to the declaration, Petitioner
6   admitted he had argued with Denny and was pushed to the ground. Respondent's Declaration at 2.[2]
7   In addition, Denny stated Petitioner had grabbed his wrist whereupon Denny struck Petitioner in the
8   face. Id. at 3.

9          Based on the above, it is clear the hearing officer's findings were supported by some
10  evidence.

11  **IV.  Motion for Preliminary Injunction**

12         Rule 65 of the Federal Rules of Civil Procedure governs motions for preliminary injunction.
13  Rule 65(b) allows the Court to issue a temporary restraining order if the moving party has shown
14  either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the
15  existence of serious questions going to the merits and the balance of hardships tipping in [the
16  moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d
17  1374, 1376 (9th Cir. 1985), *quoting* Apple Computer, Inc. v. Formula International, Inc., 725 F.2d
18  521, 523 (9th Cir. 1984).  The two formulations represent two points on a sliding scale with the focal
19  point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376.  "Under
20  either formulation of the test, plaintiff must demonstrate that there exists a significant threat of
21  irreparable injury." Id.  In the absence of a significant showing of irreparable injury, the Court need
22  not reach the issue of likelihood of success on the merits.  Id.

23         In this case, there is no merit to Petitioner's claims. In addition, Petitioner was already
24  transferred by the time he filed his motion for injunctive relief, and the purpose of a preliminary

---

[2] On October 27, 2006, Respondent filed a request that this Court take judicial notice of Respondent Jeff Wrigley's declaration. Good cause having been presented to the Court and good cause appearing therefor, this Court hereby takes judicial notice of Respondent's declaration. U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244 (9th Cir.1992); see also MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980).

1  injunction is merely to preserve the relative positions of the parties until a trial on the merits can be
2  held. See University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). Accordingly, Petitioner's
3  motion for preliminary injunction should be denied.

## RECOMMENDATION

Accordingly, the Court hereby RECOMMENDS that the Petition for Writ of Habeas Corpus be DENIED, Petitioner's Motion for Preliminary Injunction be DENIED, and the Clerk of Court be DIRECTED to enter judgment for Respondent.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) court days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 13, 2006**          **/s/ Sandra M. Snyder**
icido3                                   UNITED STATES MAGISTRATE JUDGE