UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHARLES LOWELL KENTZ, | ) | 1:06-CV-00961 AWI SMS HC |
| Petitioner, | ) ) | ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT AND FOR REHEARING |
| v. | ) ) | |
| JEFF WRIGLEY, Warden, | ) | [Doc. #24] |
| Respondent. | ) ) | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On January 3, 2007, the undersigned issued an order adopting the Magistrate Judge's Finding and Recommendation, denied the petition with prejudice and entered judgment for Respondent.

On January 12, 2007, Petitioner filed a motion for relief from judgment and motion for rehearing. Respondent did not file an opposition to Petitioner's motion.

**DISCUSSION**

Rule 59 provides:

> **(a) Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the

courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

**(b) Time for Motion.** Any motion for a new trial shall be filed no later than 10 days after entry of the judgment.

**(c) Time for Serving Affidavits.** When a motion for new trial is based on affidavits, they shall be filed with the motion. The opposing party has 10 days after service to file opposing affidavits, but that period may be extended for up to 20 days, either by the court for good cause or by the parties' written stipulation. The court may permit reply affidavits.

**(d) On Court's Initiative; Notice; Specifying Grounds**. No later than 10 days after entry of judgment the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. When granting a new trial on its own initiative or for a reason not stated in a motion, the court shall specify the grounds in its order.

**(e) Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

A motion for reconsideration pursuant to Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir.1999) (citing School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993)); see also 11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed.1995):

> Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion. However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice.... Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure,

> the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud

(whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner fails to meet either standard for relief. He contends there was a procedural flaw in that the Court was not presented with a complete file. He complains the Court did not review hearing officer Curtis Logan's report. Petitioner's argument is not persuasive. The evidence submitted to the Court amply supported the guilty finding that Petitioner had fought with Inmate Denny. The Court reviewed the incident report which was prepared by the duty officer. The Court reviewed the Curtis Logan's hearing report involving Denny. That report provided the statement of Inmate Hoptiwit who was an independent witness and testified that Petitioner initiated the confrontation, grabbed Denny, spun him around, and then began to fight. The Court was also provided photographs of the inmates which showed bruising, scratches, and swelling to both inmates. Finally, the Court reviewed Petitioner's declaration wherein Petitioner admitted to arguing with Inmate Denny and being pushed to the ground. Finally, the Court reviewed Inmate Denny's statement that Petitioner had grabbed his wrist whereupon Denny struck Petitioner in the face. There was more than sufficient evidence to find Petitioner guilty of fighting, and all due process requirements were met. Therefore, Petitioner's motion must be DENIED.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for relief from judgment and for rehearing is DENIED.

IT IS SO ORDERED.

**Dated:    February 10, 2007**                     **/s/ Anthony W. Ishii**
0m8i78                                       UNITED STATES DISTRICT JUDGE